UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 09 CR 50041-2 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| KENNETH BLOCK, ) | |
| ) | |
| Defendant. ) | |

## OPINION & ORDER

Defendant Kenneth Block moves to reduce his sentence under § 404 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404 (2018). Because Block is eligible for relief under the statute and he has shown himself deserving of such relief, the Court, in its discretion, grants his motion and reduces his custodial sentence to 180 months. All other terms of his original sentence remain in effect.

### BACKGROUND

On September 8, 2009, a grand jury charged Block and co-defendants with conspiracy to knowingly and intentionally distribute and possess with intent to distribute more than 1 kilogram of mixtures containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Doc. 1. In the second superseding indictment, a grand jury charged Block and co-defendants with conspiracy to knowingly and intentionally distribute and possess with intent to distribute more than 1 kilogram of mixtures containing heroin and more than 50 grams of mixtures containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1). Doc. 139. On June 15, 2010, Block pleaded guilty to Count 1 of the second superseding indictment. Doc. 293. As part of the plea, Block admitted that beginning in the summer of 2007 and continuing until September 1, 2009, he conspired with co-defendants and others to possess with intent to distribute and distribute more

than 1 kilogram of mixtures containing heroin and more than 50 grams of mixtures containing cocaine base. Defendant Hollis Daniels was the leader of the drug trafficking organization ("DTO"), and Block worked immediately below Daniels as his assistant or "primary caretaker." Block and a co-defendant took turns mixing, packaging, and distributing "jabs" of heroin to sell to street sellers. Block also scheduled the working hours for those sellers. Throughout the conspiracy, the DTO sold 700 grams of heroin per week, and throughout Block's participation in the DTO, it sold at least 10 but not more than 30 kilograms of heroin.

On October 6, 2010, Judge Kapala sentenced Block to 420 months' imprisonment. Doc. 401. The base offense level was 38. The court applied a two-level enhancement for possession of a firearm, as well as a three-level enhancement because Block was a supervisor or manager in a large drug trafficking conspiracy. The court also applied a three-level reduction for Block's acceptance of responsibility. Block's criminal history category was six. After enhancements and reductions, the final offense level was 40, which indicated an advisory guidelines range of 360 months to life imprisonment. In discussing the imprisonment term of 420 months, the court explained that Block's prior convictions presented a pattern of recidivism, as well as a predisposition towards drug trafficking offenses, and he committed the present offense while on parole only three months after his release from state custody. In mitigation, the court noted that Block graduated from high school, expressed remorse for his actions, and stated a desire to participate in drug treatment. On May 16, 2019, Block filed the present motion for a reduced sentence under Section 404 of the First Step Act. The government acknowledges that Block is eligible for relief under the First Step Act but argues that the Court should not exercise its discretion to reduce Block's sentence.

## ANALYSIS

The Fair Sentencing Act of 2010 increased the quantity of crack cocaine required to trigger mandatory minimum sentences. Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). However, the Fair Sentencing Act was not retroactive and therefore did not impact defendants who committed acts prior to August 3, 2010. Congress addressed this in 2018 by passing the First Step Act, which made certain provisions of the Fair Sentencing Act retroactive. Pub. L. No. 111-220, 124 Stat. 2372; *United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020). The First Step Act made retroactive the Fair Sentencing Act's increase in the quantity of crack cocaine necessary to trigger § 841's penalties. Section 404(b) of the First Step Act provides, in pertinent part: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a).

Relief under the First Step Act is discretionary. *See id.* § 404(c). Therefore, there are two steps in this analysis: (1) whether the defendant is eligible for a sentence reduction under the First Step Act; and (2) whether the Court should reduce the defendant's sentence. *Shaw*, 957 F.3d at 736. Here, the government concedes that Block is eligible. The Court agrees with this conclusion because the Fair Sentencing Act modified the statute that Block was convicted of violating. *Id.* at 735 ("[I]f a defendant was convicted of a crack-cocaine offense that was later modified by the Fair Sentencing Act, he or she is eligible to have a court consider whether to

3

reduce the previously imposed term of imprisonment."). Therefore, the Court limits its analysis to the second step.

In determining whether a sentence reduction is warranted, the Court considers the § 3553(a) factors. *Id.* at 742; *see also United States v. Hudson*, No. 19-2075, 2020 WL 4198333, at *3 (7th Cir. July 22, 2020) (in evaluating whether to reduce a defendant's sentence, courts may consider "new statutory minimum or maximum penalties; current Guidelines; post-sentencing conduct; and other relevant information about a defendant's history and conduct"). "Evidence of post-sentencing rehabilitation 'may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.'" *United States v. Mansoori*, 426 F. Supp. 3d 511, 519 (N.D. Ill. 2019) (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)). In his motion for relief, Block asks the Court to reduce his sentence because he has received no incident reports during his incarceration and maintains employment at the facility's cafeteria. Block also acknowledges his past mistakes, as well as his plans to obtain a commercial driver license and work as a truck driver upon his release to distance himself from any negative influences. Block's recognition of his previous mistakes and his post-release plans demonstrate that incarceration appears to have had the desired deterrent effect and suggest that Block will be law-abiding upon release. Authorities arrested Block on September 10, 2009, indicating that he has served nearly 11 years of his sentence. The Bureau of Prisons' webpage indicates that Block's release date is July 1, 2039, thus, he has approximately 19 years of his sentence remaining.

The government argues that the Court should not exercise its discretion to lower Block's sentence because Block admitted to being personally responsible for distributing 72 kilograms of heroin and he would be subject to the same statutory minimum and maximum and guidelines

range today.  The statutory mandatory minimum for Block is 10 years of imprisonment.  21 U.S.C. § 841(b)(1)(A).  Because Block has a criminal history category of six, based on a quantity of 72 kilograms of heroin and the enhancements and reductions identified by the sentencing court, his guidelines range is 360 months to life imprisonment.  This was also the range at the time of Block's sentencing.  The government contends that Block should not receive a "windfall" unavailable to other defendants prosecuted for the same conduct after the enactment of the Fair Sentencing Act.  But this Court will not assume that the government could have indicted Block for a greater drug quantity, and the Court is not persuaded that any potential disparities should prevent relief here.  *See, e.g.*, *United States v. McMahan*, No. 04 CR 423-2, 2020 WL 1904095, at *5 (N.D. Ill. Apr. 17, 2020) ("the government asks the court to keep [the defendant] in prison based on a hypothetical" that reducing his sentence would result in a windfall); *Mansoori*, 426 F. Supp. 3d at 518–19 ("The Court will not assume that any defendant could have been indicted on a greater drug quantity."); *United States v. Wright*, No. 03 CR 362-2, 2019 WL 3231383, at *3 (N.D. Ill. July 18, 2019) ("Nor does the Government's argument as to potential sentencing disparities change the Court's analysis.").

In reviewing the sentencing factors, Block has taken steps to rehabilitate himself to contribute positively to society upon his release.  Block has not received an incident report during his incarceration, and his motion reflects remorse for his previous criminal activity.  The government has only raised generalized arguments relating to the sentencing guidelines and has failed to identify any concerns specific to reducing Block's sentence.  Further, the government has not explained why Block's incarceration for another nineteen years is necessary to "promote respect for the law," "provide just punishment for the offense,"  and "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2).  Additionally, Block is now 48 years old, an age at

which recidivism is less likely. *See United States v. Taylor*, No. 04 CR 495-38, 2020 WL 2476529, at *6 (N.D. Ill. May 13, 2020) (granting relief under the First Step Act and noting that defendant was 52 years old "an age when recidivism is less likely"); *Mansoori*, 426 F. Supp. 3d at 519 (granting relief under the First Step Act and noting that recidivism at the age of 59 is "far less likely"). Block also recognizes the old age of his mom and uncle, as well as their deteriorating health. The Court remains sensitive to the factors that supported Block's original sentence: his pattern of recidivism, his predisposition towards drug trafficking offenses, and the fact that he committed the present offense while on parole only three months after his release from state custody. The Court also acknowledges that Block worked immediately below Daniels as his assistant or "primary caretaker." When viewed alongside the mitigating factors previously discussed, the Court finds that a reduced sentence of 180 months is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The Court leaves all other terms of Block's criminal judgment intact.

## CONCLUSION

The Court grants Block's motion for a reduced sentence under Section 404 of the First Step Act [920]. The Court orders that Block's sentence be reduced to 180 months. The Court leaves all other conditions of his sentence intact.

Dated: September 24, 2020

SARA L. ELLIS
United States District Judge